UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Odom, | ) | C/A No. 2:08-2660-PMD-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| Mt. Pleasant Municipal Court, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Christopher Odom (Plaintiff) files this civil action *pro se* and pursuant to 28 U.S.C. § 1915.

The pleading submitted by Plaintiff is on a form petition used by prisoners in state custody who are

seeking habeas relief pursuant to 28 U.S.C. § 2254. Plaintiff is not in state custody, and he seeks

damages, not habeas relief. Therefore, the pleading is construed as a complaint filed pursuant to 42

U.S.C. § 1983 and has been reviewed as such.

Under established local procedure in this judicial district, a careful review has been made

of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has

been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25

(1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon

v. Leeke*, 574 F.2d 1147 (4th Cir.).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, __ U.S.

__, 127 S. Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys,

*Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less

stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated

liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the

pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## **Discussion**

Even though the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).   "[I]t is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte*, to ensure that it does not decide controversies beyond its authority."  *Davis . Pak*, 856 F.2d 648, 650 (4th Cir. 1988).  The law is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992);  *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986).

Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327 (1895)"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Federick, Md.,* 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)).  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the

complaint provide "a short and plain statement of the grounds for the court's jurisdiction." If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley , Inc. v. City of Frederick,* 191 F.3d at 399. If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d at 654.

The document construed as the complaint in this case does not allege facts that establish federal subject matter jurisdiction. While the complaint contains the phrases "[r]ight to due process of law" (Compl. at 5, 6, 8, 10.) and "cruel & unusual punishment" (Compl. at 10.), these phrases alone do not provide a short and plain statement concerning the court's jurisdiction. Plaintiff does not allege any facts to support these bare assertions. Throughout the complaint, Plaintiff repeatedly lists case number 97417AQ that he claims was dismissed. He requests "monetary damages[,] punitive damages, pain & suffering" as relief. (Compl. at 14.) This is the extent of Plaintiff's complaint. Plaintiff fails to allege any facts in support of a connection between the dismissed case, his request for damages and the court's jurisdiction.

Additionally, Plaintiff fails to include any factual allegations against the defendant in the complaint. Plaintiff has failed to comply with Federal Rule of Civil Procedure 8(a) because he fails to give the defendant fair notice of his claim and its grounds. *See Erickson v. Pardus*, __ U.S. __, 127 S. Ct. at 2200 (citation omitted). Although the Court is bound to liberally construe Plaintiff's *pro se* complaint, Plaintiff must do more than make mere conclusory statements to support a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995). *See also Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory

3

and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (dismissing complaint that "failed to contain any factual allegations tending to support [plaintiff's] bare assertion").

Review of this complaint reveals that Plaintiff has failed to allege any facts in support of his claim, and therefore, has failed to allege subject matter jurisdiction, and this case should be dismissed.

## <u>Recommendation</u>

Accordingly, it is recommended that the District Judge dismiss the complaint in the above captioned case *without prejudice* and without issuance and service of process.

s/Joseph R. McCrorey
United States Magistrate Judge

July 30, 2008
Columbia, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).