## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

CHRISTOPHER ODOM,                 )
                                  )
                    Plaintiff,    )
                                  )        C.A. No.: 2:08-2660-PMD-JRM
v.                                )
                                  )
MOUNT PLEASANT MUNICIPAL          )        **ORDER**
COURT,                            )
                                  )
                    Defendant.    )
_____ )

Plaintiff Christopher Odom ("Plaintiff"), formerly an inmate at Kirkland Correctional

Institution ("KCI") and Wateree Correctional Institution ("WCI"), filed this *pro se* action pursuant

to 28 U.S.C. § 1915 and 42 U.S.C. § 1983, alleging violations of his constitutional rights.  The

record contains the Report and Recommendation of United States Magistrate Judge Joseph R.

McCrorey, made in accordance with 28 U.S.C. § 636 (b)(1)(B), which recommends that Plaintiff's

Complaint be dismissed because he has not stated on what grounds this Court has jurisdiction and

has made no specific allegations in support of his Complaint.  A party may object, in writing, to a

Report and Recommendation within ten days after being served with a copy of that report.  28

U.S.C. 636 (b)(1).  Plaintiff filed timely objections to the Magistrate Judge's Recommendations.

For the foregoing reasons, Plaintiff's claim is dismissed.

### BACKGROUND

On July 24, 2008, Plaintiff brought suit pursuant to 28 U.S.C. § 1915 and 42 U.S.C. § 1983

against Mount Pleasant Municipal Court, seeking monetary damages for alleged violations of his

constitutional rights.

In February 1998, Plaintiff was apprehended for shoplifting in Mount Pleasant.  He was

originally simply issued a $509 citation, which was apparently voided when prosecutors decided to

seek a harsher sentence instead.  In August 1998, Plaintiff was convicted of shoplifting charges and sentenced to nine years of incarceration.  In April 2001, Plaintiff was paroled.  However, Plaintiff was shortly thereafter caught violating his parole, and he was once again incarcerated in September 2004 for the remainder of his sentence.  Plaintiff was released from SCDC custody on August 1, 2006, and is no longer incarcerated.

On July 24, 2008, Plaintiff filed a § 1983 claim, asserting that this trial and conviction had violated his constitutional rights.[1]  On July 31, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that this Court dismiss Plaintiff's Complaint for relief under § 1983 because Plaintiff had provided no basis for jurisdiction and made no specific factual allegations in his Complaint.  The Magistrate Judge did so pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, which enables this Court to screen an action brought *in forma pauperis*, and to dismiss such an action if it fails to state claim for relief.

## STANDARD OF REVIEW

**I.    Magistrate Judge's R&R**

The Magistrate Judge makes only a recommendation to the court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976).  This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept,

---

[1] Although Plaintiff submitted his Complaint on a form usually used by inmates seeking habeas relief under 28 U.S.C. § 2254, he is only seeking monetary relief, which is not available under § 2254.  He is no longer incarcerated, and is not seeking a declaratory judgment invalidating his conviction.  Since he is only seeking monetary relief for his constitutional violations, the Magistrate Judge correctly construed Plaintiff's Complaint as a claim for relief under § 1983.

reject, or modify, in whole or in part, the recommendations contained in that report.  28 U.S.C. § 636

(b)(1).     Any   written   objection   must   specifically   identify   the   portions   of   the   report   and

recommendation to which objections are made and the basis for those objections.  *Id.*  After a review

of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge

summarized the facts and applied the correct principles of law.  Accordingly, the R&R is adopted

in full and specifically incorporated into this Order.

## II.      28 U.S.C. § 1915

The   Prison   Litigation   Reform   Act   ("PLRA")   permits   a   prisoner   to   file,   with   court

authorization, a civil action without prepayment of fees if he or she submits an affidavit of assets

that shows that they are unable to pay such fees.  28 U.S.C. § 1915(a)(1).  However, a complaint in

such   a   case   is   also   subject   to   additional   screening   procedures,   and   may   be   dismissed   under   §

1915(e)(2)(B) where the court determines that "the action or appeal–(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief."  A person may file actions pursuant to § 1915 even after

he or she has been released from prison.  *See Michau v. Charleston County*, 434 F.3d 725, 728 (4th

Cir. 2006); *Kane v. Lancaster County Dept. Of Corr.*, 960 F. Supp. 219, 221-22 (D. Neb. 1997); *see

also Bardes v. Magera*, 2008 WL 2627134 at *8 (D.S.C. June 25, 2008).

The standard to be applied in determining whether or not a claim should be dismissed for

failing to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii) is the same standard

which is applied to determine whether a claim should be dismissed for the same reason under Rule

12(b)(6) of the Federal Rules of Civil Procedure.  *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir.

2003).  A court should only dismiss a case pursuant to Rule 12(b)(6) if, after accepting all well-

pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claims that entitles him to relief. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999)*.* The complaint should not be dismissed unless it is certain that the plaintiff is not entitled to relief under any legal theory that might plausibly be suggested by the facts alleged. *See Mylan Labs. Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Further, "[u]nder the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present." *Wolman v. Tose*, 467 F.2d 29, 33 n. 5 (4th Cir. 1972).

## **ANALYSIS**

The Magistrate Judge recommended that this Court dismiss Plaintiff's claim because Plaintiff failed to state the basis for this Court's jurisdiction, and failed to make any factual allegations whatsoever. In his Complaint form, when prompted to state the basis for his claim, Plaintiff merely gives vague, conclusory allegations of constitutional violations.[2] Therefore, the Magistrate Judge recommended that this Court find that Plaintiff's Complaint was inadequate, failed to meet pleading requirements, and did not establish jurisdiction. In response to the R&R, Plaintiff filed timely Objections. In his Objections, Plaintiff gave slightly more factual support for his claims, but the pleading was still very difficult to comprehend.

---

[2] For example, under the category "Ground One: (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):," Plaintiff wrote "Constitutional Right (Law)," gave the citation number for his initial ticket, and then wrote "Grounds: Right to Due Process of Law" (Compl. at 6.) Plaintiff continued to make nothing more than vague legal conclusions throughout his Complaint, which is insufficient to meet the relevant pleading requirements under Federal Rule 8(a).

As near as the Court can tell, the gist of Plaintiff's § 1983 claim is that since he was originally given a $509 citation, which was then voided when it was determined that he would be prosecuted more severely, his due process rights were violated.  Since Plaintiff is basically adding factual allegations not in his Complaint, this could possibly be construed as an attempt to amend his Complaint according to Rule 15.

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  *See* Fed. R. Civ. P. 15(a).  Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original); *see also Rambus, Inc. v. Infineon Tech., AG*, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004) ("Courts generally favor the 'resolution of cases on their merits' . . . [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, e.g., motions to dismiss or for summary judgment, . . ., or for resolution at trial.") (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)).  A court may deny a party's motion to amend if allowing the amendment would be futile.  *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile.").  For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face."  *Oroweat Foods Co.*, 785 F.2d at 510-11; *see also Rambus*, 304 F. Supp. 2d at 819; *Robinson v. GEO Licensing Co., L.L.C.*, 173 F. Supp. 2d 419, 423 (D. Md. 2001).

In the present case, Plaintiff's claim is "clearly insufficient or frivolous on its face," and to the extent Plaintiff is seeking to amend his Complaint by making factual assertions for the first time in his Objections, this Motion to Amend is denied because allowing such amendment would be futile. Plaintiff's claim likely fails on a number of grounds: (1) Plaintiff has failed to exhaust any state appellate or administrative remedies; (2) Plaintiff has brought this action almost ten years after he was convicted and sentenced on this charge, long after the relevant statute of limitations expired; and (3) Plaintiff is seeking monetary damages for the verdict imposed upon him, which would require the invalidation of the verdict and sentence, which a court cannot do under § 1983. *Heck v. Humphrey*, 512 U.S. 477 (1994).

However, the Court need not decide those issues, because the law is quite clear that a Plaintiff may not sue a municipal court for damages under § 1983. *See, e.g., Callahan v. Philadelphia*, 207 F.3d 668, 670-74 (3d Cir. 2000) (holding that a municipal court is an "arm of the state," and therefore entitled to immunity under the Eleventh Amendment); *Kelly v. Municipal Courts*, 97 F.3d 902, 907-08 (7th Cir. 1996) (same); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (same); *see also Tennessee v. Lane*, 541 U.S. 509, 527 n. 16 (2004) (holding that particularly in the area of county and municipal judicial services, local government enjoys the same Eleventh Amendment immunity privileges as state government). It has been universally recognized that local courts are important parts of the state governments, and therefore entitled to full sovereign immunity from suits like the one brought by Plaintiff.

Accordingly, because Plaintiff's claim plainly fails to state any sort of claim upon which relief can be granted, allowing him to amend his Complaint with any new supporting facts or claims would be futile, and the Court therefore refuses to allow Plaintiff to so amend his Complaint.

Therefore, since Plaintiff has failed to make any specific factual allegations or give the Defendant

any sort of notice of a claim, the Court adopts the Magistrate Judge's recommendation and dismisses

Plaintiff's claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the foregoing reasons, the Court adopts in full the recommendation of the Magistrate

Judge and **ORDERS** that Plaintiff's claim for relief under 42 U.S.C. § 1983 is **DISMISSED** without

prejudice

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**March 31, 2009**